VICENTE MONTAÑEZ, Plaintiff and Appellee, *v.* GREGORIO MUÑOZ ET AL., Defendants and Appellants.

No. 4560.   Argued April 23, 1928.—Decided May 10, 1928.

*José G. Torres* and *J. Valldejuly* for the appellants.   *Antonio Ayuso* and *Daniel Pellón Jr.* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee moves for dismissal of the appeal because the appeal was taken on the 3rd of last February, the appellant asked for a transcript of the evidence, the court allowed the stenographer 20 days for preparing it, that period expired on the 4th of March and the transcript had not been filed. The appellee states in his motion that an extension of time was granted on the 6th of March, but contends that as the court had no jurisdiction to act because it did so after the period had expired, it is the same as if the extension had never been granted.

The appellants filed a sworn opposition alleging that as the 4th of March was Sunday the period expired on Monday the 5th; that on that Monday their attorney presented himself at noon in the district court looking for the stenographer in order to learn about the condition of the transcript and was there informed that the stenographer was sick; that he then asked that the file clerk show him the record, but the clerk could not be found; that not knowing whether or not

the stenographer had applied for an extension and for the purpose of being more certain the attorney drafted a motion for it and on returning to the court before five in the afternoon to present it he found the offices of the court closed; that he went to the home of the clerk and did not find him; that he visited the home of Judge Berga and he was not there, and that early on the following day he went to the office of Judge Berga and explained the situation to him, whereupon the judge granted him the extension referred to in the motion for dismissal.

The appellants allege that the proceedings followed in the district court are valid, but in case it should be concluded that the court had no jurisdiction to grant the extension on the day following the expiration of the period, they invoke the discretion of the Supreme Court.

In our opinion the explanations of the appellants contained in their verified motion show that they were not negligent. This is an appeal of relatively recent date. It is true that it would have been exceedingly easy for the appellants to have filed their motion for an extension when their attorney went first to the district court, but as he delayed only one day and the statements made may be true, experience showing that very often when the most direct road is before us we do not discover it immediately and follow for our purpose longer and more intricate paths, we shall follow the precedent established in the case of *Alvarez* v. *National Fire Insurance Co.*, 36 P.R.R. 837, and, in the exercise of our discretion, grant as a new extension the thirty days asked for by the appellants on the 6th of March, 1928, the district court having full jurisdiction to continue granting other extensions which may be requested seasonably and with justification. Of course, the appellants must prosecute their appeal with the greatest possible diligence.

Mr. Justice Texidor took no part in the decision of this case.